

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WAZIR MUJAHID EL-AMIN,

    Plaintiff,

VS.                     No. 02-1210-T

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

ORDER GRANTING PLAINTIFF'S MOTION TO REINSTATE RLUIPA CLAIM

---

At the time he commenced this action on August 12, 2002, plaintiff Wazir Mujahid

El-Amin, Wisconsin Department of Corrections prisoner number 219597, was an inmate at

the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee.    Plaintiff's

complaint was filed pursuant to 42 U.S.C. § 1983 and the Religious Land Use and

Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* On January

9, 2004, the Court issued an order that, *inter alia*, dismissed the claim pursuant to the

RLUIPA *sua sponte* in light of <u>Cutter v. Wilkinson</u>, 349 F.3d 257 (6th Cir. 2003), in which

the Sixth Circuit held that the RLUIPA violated the Establishment Clause of the First

Amendment.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___8/31/05___



The Sixth Circuit's decision in Cutter was subsequently reversed by the Supreme Court. Cutter v. Wilkinson, 125 S. Ct. 2113 (2005). Accordingly, the plaintiff filed a motion on June 23, 2005 seeking reinstatement of his RLUIPA claim. Defendants filed a response in opposition to the motion on July 8, 2005.

The defendants' arguments in opposition to reinstatement of the claim seem to consist largely of attacks on positions the plaintiff does not even take. The plaintiff's motion does not appear to seek reconsideration of any part of the January 9, 2004 order except for the *sua sponte* dismissal of the RLUIPA claim.[1]

Defendants also contend that the plaintiff's motion should be denied because he has no claim under the RLUIPA as a matter of law. In support of that position, defendants rely on an affidavit submitted in support of their motion for summary judgment attesting to the fact that the restrictions imposed by the WCF serve a legitimate penological interest. However, the Court denied the defendants' motion for summary judgment on the claims pursuant to 42 U.S.C. § 1983 in an order issued on November 4, 2004. In so holding, the Court observed that the defendants have failed to articulate any reason why the restrictions set forth in the I.M.P. serve the penological interests of safety and security. (11/4/04 Order at 13-14.) Because the defendants were not entitled to summary judgment on the § 1983 claims, it necessarily suggests that the claims under the RLUIPA are not subject to dismissal

---

[1] To the extent plaintiff's motion can be read to seek reconsideration of the decision denying the motion of another inmate to intervene in this action, plaintiff's motion is DENIED. The inmate in question was never incarcerated at the WCF or in this district, so he has no claim against the defendants. Moreover, the inmate is not an attorney and is not entitled to act as one by representing another prisoner.

on the basis of arguments previously rejected by the Court.[2]

For all the foregoing reasons, the Court GRANTS the plaintiff's motion to reinstate the RLUIPA claim.

IT IS SO ORDERED this ___29th___ day of August, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] It is inappropriate to consider, in connection with the present motion, whether the defendants would be entitled to judgment as a matter of law if a properly supported motion for summary judgment were filed. No such motion for summary judgment is before the Court. The Court dismissed the RLUIPA claim, *sua sponte*, as a matter of law. Since that order was issued, the law with respect to this claim has materially changed. The defendants may not use a hypothetical summary judgment motion as an obstacle to reinstatement of the RLUIPA claim.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 68 in case 1:02-CV-01210 was distributed by fax, mail, or direct printing on August 31, 2005 to the parties listed.

---

Wazir Mujahid El-Amin
219597
P.O. Box 351
Waupun, WI 53963

K. Michelle Booth
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT